UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| CITIZENS ASSET FINANCE, INC. f/k/a RBS Asset Finance, Inc., | ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Case No. 20-cv-4590 |
| COVIA HOLDINGS CORPORATION f/k/a UNIMIN CORPORATION, | ) ) ) ) |  |
| Defendant. | ) ) |  |

## COMPLAINT

Plaintiff, Citizens Asset Finance, Inc. f/k/a RBS Asset Finance, Inc. ("Citizens"), by and through its attorneys, as and for its Complaint against Covia Holdings Corporation f/k/a Unimin Corporation ("Covia"), alleges as follows:

## NATURE OF THE ACTION

1. Citizens seeks monetary damages against Covia as a result of Covia's failure to comply with the terms and conditions of the written Rail Equipment Net Leasing Agreement (the "Agreement") and the schedules attached thereto (the "Schedules", and together with the Agreement, the "Lease") between the parties, including Covia's failure to pay Citizens the monthly rent due and owing under the Lease. Citizens also seeks monetary damages against Covia in the form of attorneys' fees and expenses incurred in connection with the prosecution of this action.

2. Citizens, a retail bank holding company engaged in lease financing, is the owner and lessor of certain rail car equipment (the "Rail Cars").

3. Covia, a provider of mineral-based and material solutions for the industrial and energy markets, is the lessee of the Rail Cars under the Lease.

Case 2:20-cv-04590-CM   Document 1   Filed 06/15/20   Page 2 of 12

4. On or about April 18, 2012, RBS Asset Finance, Inc., predecessor-in-interest of Citizens ("RBS"), entered into the written Agreement with Unimin Corporation, predecessor-in-interest of Covia ("Unimin"), dated as of April 18, 2012. Under the Agreement, RBS agreed to lease the Rail Cars to Unimin for specified terms and prices as set forth in the Schedules.

5. Pursuant to the Lease, Citizens leased to, and Covia used, the Rail Cars.

6. Covia breached the terms and conditions of the Lease by failing to pay the rent.

7. Under the terms and conditions of the Lease, Covia owes to Citizens an amount of at least Eleven Million, Six Hundred and Fifty Nine Thousand, Six Hundred and Eighty-One Dollars and Eighty-Two Cents. ($11,659,681.82), for its breach of the Lease.

## PARTIES

8. Citizens is a New York corporation with its principal place of business located at 71 South Wacker Drive, 28th Floor, Chicago, Illinois 60606.

9. Covia is a Delaware corporation, whose principal place of business is at 3 Summit Park Drive, Suite 700, Independence, Ohio 44131.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

11. Citizens and Covia consented to the jurisdiction of, and to venue in, this Court under Section 28 of the Agreement, which provides as follows:

> The parties agree that any action or proceeding arising out of or relating to any Lease may be commenced in any state or Federal court in [New York], and agree that a summons and complaint commencing an action or proceeding in any such court shall be properly served and shall confer personal jurisdiction if served personally or by certified mail to it at the

mailing address of Lessee as set forth herein, or as it may provide in writing from time to time, or as otherwise provided under the laws of [New York].

12. Section 28 of the Agreement provides that performance under the Agreement and any Schedule thereto shall be governed by the laws of the State of New York:

> **Governing Law; Consent to Jurisdiction; Limitation on Damages; Waiver of Jury Trial**. This Agreement and any Schedule hereto shall be interpreted under, and its performance shall be governed by, the laws of the State of New York (the "State"), without regard to its conflict of laws doctrine . . . [.]

13. Under Section 28 of the Agreement, the parties irrevocably waived any right to a jury trial:

> LESSOR AND LESSEE HEREBY WAIVE TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO WHICH LESSEE AND/OR LESSOR MAY BE PARTIES ARISING OUT OF OR IN ANY WAY PERTAINING TO THIS AGREEMENT OR ANY LEASE.

## FACTUAL ALLEGATIONS

**The Relevant Terms and Conditions of the Lease**

14. Pursuant to the terms of the Agreement, in consideration for its use of the Rail Cars, Covia covenanted and agreed to pay certain rent (the "Base Rent") to Citizens, on the first day of each month, in the amounts specified in the Schedules.

15. Pursuant to the terms of the Agreement, Covia had a non-cancelable, absolute, and unconditional obligation to pay to Citizens the Base Rent due and owing thereunder, without any abatement, set-off or deduction whatsoever.

16. Section 4 of the Agreement provides:

> Lessee agrees to pay rent and other amounts due in accordance with the terms of this Agreement and any Schedule hereto. Such amounts shall be paid to Lessor in immediately available United States funds, in accordance with the applicable Schedule, and shall be prorated for any period for any Unit that is leased for less than a full calendar month. All rent and other amounts payable under this Agreement or any Schedule hereto shall be

made in immediately available funds at Lessor's address above or such other place as Lessor shall specify in writing.

17. Section 4 of the Agreement further provides: "Lessee's obligation to pay Lessor rent and any other amounts required under this Agreement or any Schedule hereto for any Unit shall commence on the date of acceptance by Lessee of such unit . . . [.]"

18. Schedule Number 001, dated as of October 29, 2013, and modified by the first Amendment to Schedule No. 001 dated as of November 1, 2013, and the second Amendment to Lease Schedule Number 001 dated as of December 1, 2016 ("Schedule 001"), provides the specific Rail Cars for lease, the lease term, the Base Rent, and the casualty value of the Rail Cars ("Casualty Value").

19. Schedule 001 provides, in relevant part:

> **Rent.** Rent payable under this Schedule consists of: (i) **"Interim Rent"**, which shall be due Lessor for each day of the Interim Term and equal the daily equivalent of the initial Base rent, 0.572009% of $9,709,735.26, and payable on the Base Date; and (ii) **"Base Rent"**, equal to 120 consecutive monthly installments each in the amount of **0.571768%** of Lessor's Cost specified above. All Base Rent shall be payable in arrears with the first Base Rent installment being payable on December 1, 2013 and the remaining Base Rent installments being payable on the first day of each succeeding month.
>
> Base Rent Installments shall be changed to $0 for the Installments due January 1, 2017 and February 1, 2017. Thereafter, monthly Base Rent will be payable in the amount of $48,339.00 on the first day of each succeeding month for 117 consecutive months. Per car monthly rental is $369.00.

20. The Lessor's Cost listed in Schedule 001 is $9,723,991.26.

21. Schedule Number 002, dated as of November 22, 2013, and modified by the Amendment to Lease Schedule No. 002 dated as of December 1, 2016 ("Schedule 002"), provides the specific Rail Cars for lease, the lease term, the Base Rent, and the Casualty Values.

22. Schedule Number 002 provides, in relevant part:

>  **Rent.** Rent payable under this Schedule consists of: (i) **"Interim Rent"**, which shall be due Lessor for each day of the Interim Term and equal the daily equivalent of the initial Base Rent, and payable on the Base Date; and (ii) **"Base Rent"**, equal to 120 consecutive monthly installments each in the amount of **0.574373%** of Lessor's Cost specified above. All Base Rent shall be payable in arrears with the first Base Rent installment being payable on January 1, 2014 and the remaining Base Rent installments being payable on the first day of each succeeding month.
>
>  Base Rent Installments shall be changed to $0 for the Installments due January 1, 2017 and February 1, 2017. Thereafter, monthly Base Rent will be payable in the amount of $47,601.00 on the first day of each succeeding month for 124 consecutive months. Per car monthly rental is $369.00.

23. The Lessor's Cost listed in Schedule 002 is $9,430,279.83.

24. Schedule Number 003, dated as of December 23, 2013, as modified by the Amendment to Lease Schedule No. 003 dated as of December 1, 2016 ("Schedule 003"), provides the specific Rail Cars for lease, the lease term, the Base Rent, and the Casualty Values.

25. Schedule Number 003 provides, in relevant part:

>  **Rent.** Rent payable under this Schedule consists of: (i) **"Interim Rent"**, which shall be due Lessor for each day of the Interim Term and equal the daily equivalent of the initial Base Rent, and payable on the Base Date; and (ii) **"Base Rent"**, equal to 120 consecutive monthly installments each in the amount of **0.582897%** of Lessor's Cost specified above. All Base Rent shall be payable in arrears with the first Base Rent installment being payable on February 1, 2014 and the remaining Base Rent installments being payable on the first day of each succeeding month.
>
>  Base Rent Installments shall be changed to $0 for the Installments due January 1, 2017 and February 1, 2017. Thereafter, monthly Base Rent will be payable in the amount of $88,929.00 on the first day of each succeeding month for 132 consecutive months. Per car monthly rental is $369.00.

26. The Lessor's Cost listed in Schedule 003 is $17,680,745.41.

27. Schedule Number 004, dated as of February 2016 ("Schedule 004"), provides the specific Rail Cars for lease, the lease term, the Base Rent, and the Casualty Values.

28. Schedule Number 004 provides, in relevant part:

**Rent.** Rent payable under this Schedule consists of: (i) **"Interim Rent"**, which shall be due Lessor for each day of the Interim Term and equal the daily equivalent of the initial Base Rent, and payable on the Base Date; and (ii) **"Base Rent"**, equal to 120 consecutive monthly installments each in the amount of **0.584823%** of Lessor's Cost specified above. All Base Rent shall be payable in arrears with the first Base Rent installment being payable on April 1, 2016 and the remaining Base Rent installments being payable on the first day of each succeeding month.

29. The Lessor's Cost listed in Schedule 004 is $7,761,436.00.

30. Schedule Number 005, dated as of April 8, 2016 ("Schedule 005"), provides the specific Rail Cars to be leased, the lease term, the Base Rent, and the Casualty Values.

31. Schedule 005 provides, in relevant part:

    **Rent.** Rent payable under this Schedule consists of: (i) **"Interim Rent"**, which shall be due Lessor for each day of the Interim Term and equal the daily equivalent of the initial Base Rent, and payable on the Base date; and (ii) **"Base Rent"**, equal to 120 consecutive monthly installments each in the amount of **.581830%** of Lessor's Cost specified above. All Base Rent shall be payable in arrears with the first Base Rent installment being payable on June 1, 2016 and the remaining Base rent installments being payable on the first day of each succeeding month.

32. The Lessor's Cost listed in Schedule 005 is $3,078,408.00.

33. Schedule Number 006, dated as of January 4, 2018 ("Schedule 006"), provides the specific Rail Cars to be leased, the lease term, the Base Rent, and the Casualty Values.

34. Schedule 006 provides, in relevant part:

    **Rent.** Rent payable under this Schedule consists of: (i) **"Interim Rent"**, which shall be due Lessor for each day of the Interim Term and equal the daily equivalent of the initial Base Rent, and payable on the Base Date; and (ii) **"Base Rent"**, equal to 120 consecutive monthly installments each in the amount of 0.652666% of Lessor's Cost specified above. All Base Rent shall be payable in arrears with the first Base Rent installment being payable on March 1, 2018 and the remaining Base Rent installments being payable on the first day of each succeeding month.

35. The Lessor's Cost listed in Schedule 006 is $8,915,482.30.

36. Schedule Number 011, dated as of September 28, 2018, and modified by the Amendment to Schedule Number 011 dated as of December 17, 2018 ("Schedule 011"), provides the specific Rail Cars for lease, the lease term, the Base Rent, and the Casualty Values.

37. Schedule 011 provides, in relevant part:

> **Rent.** Rent payable under this Schedule consists of: (i) **"Interim Rent"**, which shall be due Lessor for each day of the Interim Term and equal the daily equivalent of the initial Base Rent, and payable on the Base Date; and (ii) **"Base Rent"**, equal to 108 consecutive monthly installments each in the amount of 0.7056% of Lessor's Cost specified above. All Base Rent shall be payable in arrears with the first Base Rent installment being payable on January 1, 2019 and the remaining Base Rent installments being payable on the first day of each succeeding month.

38. The Lessor's Cost listed in Schedule 011 is $5,903,994.26.

39. Schedule Number 012, dated as of September 28, 2018, and modified by the Amendment to Schedule Number 012 dated as of December 17, 2018 ("Schedule 012"), provides the specific Rail Cars for lease, the lease term, the Base Rent, and the Casualty Values.

40. Schedule 012 provides, in relevant part:

> **Rent.** Rent payable under this Schedule consists of: (i) **"Interim Rent"**, which shall be due Lessor for each day of the Interim Term and equal the daily equivalent of the initial Base Rent, and payable on the Base Date; and (ii) **"Base Rent"**, equal to 108 consecutive monthly installments each in the amount of 0.7056% of Lessor's Cost specified above. All Base Rent shall be payable in arrears with the first Base Rent installment being payable on January 1, 2019 and the remaining Base Rent installments being payable on the first day of each succeeding month.

41. The Lessor's Cost listed in Schedule 012 is $5,903,994.26.

42. Schedule Number 013, dated as of September 28, 2018, and modified by the Amendment to Schedule Number 013 dated as of December 17, 2018 ("Schedule 013"), provides the specific Rail Cars for lease, the lease term, the Base Rent, and the Casualty Values.

43. Schedule 013 provides, in relevant part:

> **Rent.** Rent payable under this Schedule consists of: (i) **"Interim Rent"**, which shall be due Lessor for each day of the Interim Term and equal the daily equivalent of the initial Base Rent, and payable on the Base Date; and (ii) **"Base Rent"**, equal to 108 consecutive monthly installments each in the amount of 0.7056% of Lessor's Cost specified above. All Base Rent shall be payable in arrears with the first Base Rent installment being payable on January 1, 2019 and the remaining Base Rent installments being payable on the first day of each succeeding month.

44. The Lessor's Cost listed in Schedule 013 is $5,831,993.85.

45. Section 20 of the Agreement provides in relevant part:

   > Each of the following (a 'Default') shall, with the giving of any notice or passage of any time period specified, constitute an 'Event of Default' under this Agreement and under all Leases:
   >
   > a. If Lessee fails to pay rent or any other amount owing under any Lease within 10 days of its due date . . . [.]

46. Section 18 of the Agreement provides, in relevant part: "**Late Payment; Interest Charges.** If any rent payment . . . is not received by Lessor within 10 days of its due date, Lessee shall pay an administrative late charge of 3% of the amount not timely paid."

47. Section 18 of the Agreement also provides, in relevant part:

   > Additionally, during the continuance of any Event of Default . . . Lessee shall pay interest to Lessor equal to the lesser of (such interest rate being the 'Late Payment Rate'): (i) 12% per annum, or (ii) the highest rate of interest permitted by applicable law on: (a) any amount (other than rent) owing under any Lease and not paid when due, (b) rent not paid within thirty (30) days of its due date, and (c) any amount required to be paid upon cancellation of any Lease under Section 21.

48. Section 21(a)(6) of the Agreement provides, in relevant part:

   > **Remedies**. (a) Upon the occurrence of an Event of Default, Lessor may, in its discretion, exercise any one or more of the following remedies with respect to any or all Leases or Units . . . (6) by written notice to Lessee, cancel any Lease and, as liquidated damages for the loss of Lessor's bargain and not as a penalty, declare immediately due and payable an amount equal to the casualty values for the rent payment dates next following such event of Default as set forth in the casualty value schedule applicable to the Leases which Lessee acknowledges to be reasonable liquidated damages in light of

the anticipated harm to Lessor that might be caused by an Event of Default and the facts and circumstances existing as of the acceptance date of each Lease . . . [.]

**Covia's Failure to Pay the Base Rent in Breach of the Lease**

49. In breach of Covia's obligations under Section 4 of the Agreement, Covia failed to pay Citizens the monthly Base Rent due and owing under the Lease with respect to the fiscal months ending March 31, 2020, April 30, 2020, and May 31, 2020.

50. On or about May 8, 2020, Citizens notified Covia of an event of default under each of the Schedules and demanded in writing payment from Covia of the Base Rent for the fiscal month ending March 31, 2020.

51. On or about June 4, 2020, Citizens notified Covia of an event of default under each of the Schedules and demanded in writing payment from Covia of the Base Rent for the fiscal month ending April 30, 2020.

52. On or about June 4, 2020, Citizens notified Covia of its cancellation of Schedule 001 and Schedule 005.

53. On or about June 12, 2020, Citizens notified Covia of an event of default under Schedules 002, 003, 004, 006, 011, 012, and 013, and demanded in writing payment from Covia of the Base Rent for the fiscal month ending May 31, 2020.

54. By reason of the foregoing, there is presently due to Citizens from Covia the sum of at least Eleven Million, Six Hundred and Fifty Nine Thousand, Six Hundred and Eighty-One Dollars and Eighty-Two Cents. ($11,659,681.82).

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract – Money Damages)**

55. Citizens incorporates by reference all allegations as stated above.

56. A valid contract, *i.e.*, the Lease, existed between Citizens and Covia.

57. Citizens complied with its obligations under the terms of the Lease, and has performed any and all conditions on its part to be performed, as required by the Lease.

58. Covia failed to comply with the terms and conditions of the Lease.

59. Specifically, in breach of Covia's obligations under Section 4 of the Agreement, Covia has defaulted under the Lease by failing to pay Citizens rent in the amount of One Million, Two Hundred and Eighty Thousand, Seven Hundred and Fourteen Dollars and Seven Cents ($1,280,714.07), which amount comprises the Base Rent due under each of the Schedules for the months of April, May, and June 2020.

60. By reason of the foregoing, Covia is liable to Citizens for money damages, in the sum of at least Eleven Million, Six Hundred and Fifty Nine Thousand, Six Hundred and Eighty-One Dollars and Eighty-Two Cents. ($11,659,681.82), which amount comprises the unpaid Base Rent for the months of April, May, and June 2020 under each Schedule ($1,280,714.07 ), plus the administrative late charge of 3% for the months of April, May, and June 2020 under each Schedule in the amount of Thirty Eight Thousand, Four Hundred and Twenty-One Dollars and Forty-Two Cents ($38,421.42); plus the Late Payment Rent for the months of April and May 2020 under each Schedule in the amount of Seven Thousand, Nine Hundred and Sixty-Eight Dollars and Eighty-Nine Cents ($7,968.89); plus the Casualty Value under Schedule 001 in the amount of Seven Million, Six Hundred and Thirty-Seven Thousand, One Hundred and Forty-Four Dollars and Ninety-Four Cents ($7,637,144.94); plus the Casualty Value under Schedule 005 in the amount of Two Million, Six Hundred and Ninety-Five Thousand, Four Hundred and Thirty-Two Dollars and Fifty Cents ($2,695,432.50).

61. Citizens reserves all rights and remedies under the Lease, including without limitation, the right to amend its complaint to assert additional damages relating to Schedules 002, 003, 004, 006, 011, 012, and 013.

## SECOND CLAIM FOR RELIEF
(Attorneys' Fees)

62. Citizens incorporates by reference all allegations as stated above.

63. Pursuant to Section 21 of the Agreement, Covia is liable to Citizens for all attorneys' fees and expenses incurred in connection with the prosecution of this action.

64. Section 21(a)(5) of the Agreement provides, in relevant part:

> (a) Upon the occurrence of an Event of Default, Lessor may, in its discretion . . . (5) recover direct, incidental, consequential and other damages for the breach of any Lease, including the payment of all Rent and other amounts payable thereunder . . . and all costs and expenses incurred by Lessor in exercising its remedies or enforcing its rights thereunder (including all attorneys' fees) . . .[.]

65. Citizens has commenced this action against Covia in order to enforce its rights and remedies under the Lease, including, but not limited to, the right to receive and recover all rent due and owing thereunder.

66. Citizens has incurred, and will continue to incur, expenses in the form of attorneys' fees and costs all as a result of Covia's default of its payment obligations pursuant to the Lease, the precise sum of which will be determined at trial or earlier conclusion of this action.

67. Covia is liable for Citizens' expenses and legal fees under the terms of the Lease.

68. Accordingly, Citizens is entitled to judgment against Covia for its attorneys' fees and expenses incurred in prosecuting this action, the precise sum of which will be determined at trial or earlier conclusion of this action.

**PRAYER FOR RELIEF**

Wherefore Citizens respectfully requests that the Court grant the following relief:

1) On the First Claim for Relief, granting Citizens a money judgment against Covia, in the sum of Eleven Million, Six Hundred and Fifty Nine Thousand, Six Hundred and Eighty-One Dollars and Eighty-Two Cents. ($11,659,681.82), with interest;

2) On the Second Claim for Relief, an award to Citizens against Covia for Citizens' reasonable attorneys' fees and the cost of maintaining this action such as court costs, fees, and other expenses; and

3) An award to Citizens granting it all other necessary and appropriate relief that justice may require.

Dated: June 15, 2020

Respectfully submitted,

_____
Patrick Train-Gutiérrez
David C. McGrail
MCGRAIL & BENSINGER LLP
888-C 8th Avenue #107
New York, New York, 10019
Tel:  (646) 285-8476
Fax:  (646) 224-8377
ptrain-gutierrez@mcgrailbensinger.com
dmcgrail@mcgrailbensinger.com

-and-

Douglas R. Gooding
Jonathan D. Marshall (NY Bar No. 4894564)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Tel: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com